UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON BRUCE NORTHERN,   Case No. 09-11555

       Plaintiff,   John Feikens
vs.   United States District Judge

FELICIA M. COURTRIGHT,   Michael Hluchaniuk
MICHIGAN ATTORNEY GENERAL   United States Magistrate Judge
CHILD SUPPORT DIVISION,

       Defendants.
                              /

**REPORT AND RECOMMENDATION**
**SUBJECT MATTER JURISDICTION**

**I.   PROCEDURAL HISTORY**

On April 21, 2009, plaintiff, Carlton Bruce Northern (Northern), filed notice of removal from Wayne County Circuit Court of Case No. 08064091-01[1] and "all Related cases." (Dkt. 1). It appears that Northern is a defendant in a child-support related action and is attempting to remove that case or cases, to federal court. While Northern appears to be a defendant in the state court action, he refers to

---

[1] The state court matter that Northern has attempted to remove to this Court is a criminal matter, not a civil matter, and does not appear, from the face of pleadings filed in this case, to be a criminal matter removable under 28 U.S.C. § 1446, nor has Northern set forth any grounds for removal of the state court criminal action.

himself as the "counter-plaintiff" in this case and purports to sue Felicia M. Courtright, an assistant Michigan Attorney General and the Michigan Attorney General Child Support Division.  Northern was ordered to show cause why this matter should not be dismissed or remanded to state court for failure to file a timely notice of removal, for failure to attach all state court pleadings, and for lack of subject matter jurisdiction, either based on diversity or a proper federal question.  (Dkt. 4).  Northern filed a response to the order to show cause on August 21, 2009.  (Dkt. 5).  This matter is now ready for report and recommendation.

For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED** for want of subject matter jurisdiction.

II.     ANALYSIS AND CONCLUSIONS

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir.1998).  The removing party has the burden of proving that the federal district court has jurisdiction.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  This burden is a difficult one to overcome; removal statutes are "strictly construed," and any ambiguities "must be resolve[d] ... in favor of the nonremoving party." *Id*.  "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). Further, "'defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings.'" *Fowlkes v. Nat'l Archive and Record Adm.*, 2006 WL 3545105, *3 (S.D. Ohio 2006), quoting, *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

A notice of removal of a state court action must be filed in the district court within 30 days after receipt by the defendant of the initial pleading, usually the complaint, that was filed in the state court action. 28 U.S.C. § 1446(b). It is unclear from Northern's notice of removal when the state court action was filed. However, according to the docket of events obtained from Wayne County Circuit Court, plaintiff was arraigned on January 9, 2009, found guilty by a jury on September 14, 2009, and his sentencing is scheduled for October 27, 2009. Additionally, a valid notice of removal requires that copies of "all process, pleadings, and orders served upon such defendant" must be attached to the notice of removal. 28 U.S.C. § 1446(b). No state court pleadings were included with the notice of removal filed in this Court.

In response to the order to show cause, Northern asserts a host of nonsensical claims, including that "[t]his court has the jurisdiction to review

Carlton Bruce Northern's use of, and his right to use the administrative process to require a party making a claim against him to fulfill his/her obligation under the Administrative Procedures Act by entering into the Record of the Court claiming jurisdiction, a cross-claim, by affidavit, in answer to Counter-claim made by Affidavit of Answers and Denials which demands that persons making a claim against him provide proof of claim and which rebuts categorically and on a point for point basis each assertion made by Carlton Bruce Northern." In response to the specific requirements of the order to show cause, Northern states as follows:

    A.    The State case alleges that Carlton Bruce Northern is a debtor of the defendants.

    B.    A request for State court pleadings was denied. A Register of Actions was obtained and attached to this case filing.

    C.    This case is filed to determine that the claimant is a creditor if no jurisdiction exists after a jurisdictional challenge is raised and no response is made shows that the respondents have agreed that they do not have a claim against Carlton Bruce Northern and do not have subject matter jurisdiction to proceed in a court action where the alleged defendant files:

        1.    An objection to subject matter jurisdiction
        2.    A counter-claim
        3.    An Affidavit of answers and denials

The party that claims jurisdiction has an obligation to file

a cross-claim in rebuttal to the Affidavit of answers and denials and is collaterally estopped from proceeding pending their filing of an affidavit of cross-claim.

No cross-claim was made and the defendants make a waiver of sovereignty and appear before this court in their private capacities.

Carlton Bruce Northern is irreparably harmed because the provisions of the Administrative Procedure Act were not followed by the defendants.

Carlton Bruce Northern has exhausted all administrative remedies.

There is no controversy before this court.

There is a stipulation to all facts by all parties.

Defendants had knowledge of the law and of their requirement to rebut the claims made in Carlton Bruce Northern's Affidavit of Answers and Denials.

A Notary Public, in good standing, has Certified the Certificate of Dishonor, and failure to respond to the challenge to subject matter jurisdiction made by Carlton Bruce Northern both viva voce and by Affidavit of Answers and Denials filed with the court and served on and posted by US Postal Services employees to the Defendants.

This court is being asked to review the administrative procedures used by the complaining party of this case relating to the failure of the complaining parties in a state court proceeding to respond to a challenge to subject matter jurisdiction made by Carlton Bruce Northern and filed into the Wayne County Circuit Court on June 9,

> 2009.
>
> Once jurisdiction is challenged it must be proven and ceases to exist.
>
> Proof of jurisdiction must exist on the record.

(Dkt. 5).

Northern offers no evidence that the notice of removal of a state court action was filed in the district court within 30 days of his arraignment as required by 28 U.S.C. § 1446(c)(1). Northern also failed to comply with or correct his failure to file "all process, pleadings, and orders served upon such defendant" along with the notice of removal. 28 U.S.C. § 1446(a). For these reasons, the undersigned suggests that this Court lacks subject matter jurisdiction over Northern's complaint and that this matter should dismissed.

## III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that this matter be **DISMISSED** for want of subject matter jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 23, 2009                           s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

# CERTIFICATE OF SERVICE

      I certify that on <u>October 23, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Carlton Bruce Northern, c/o 19240 Lumpkin, Detroit, MI 48234</u>.

                                                                               <u>s/James P. Peltier</u>
                                                                               Courtroom Deputy Clerk
                                                                               U.S. District Court
                                                                               600 Church Street
                                                                               Flint, MI 48502
                                                                               (810) 341-7850
                                                                               pete_peltier@mied.uscourts.gov